NO.
12-07-00025-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

DEANDRE LESHAUN WHITE,     §          APPEAL
FROM THE THIRD

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS

APPELLEE   §          ANDERSON
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Deandre
Leshaun White appeals his conviction for possession of a firearm by a felon,
for which he was sentenced to imprisonment for ten years.  In one issue, Appellant contends that the
trial court erred in overruling his objection to the indictment.  We affirm.

 

Background

            Appellant
was charged by indictment with possession of a firearm by a felon.  Appellant pleaded “not guilty,” and the
matter proceeded to jury trial.  On
December 11, 2006, the parties conducted voir dire.  Later that same day, a jury was empaneled and
sworn, and the indictment was read in open court.  The court then recessed the proceedings until
the following day.   

            On
December 12, 2006, Appellant objected to the indictment for its failure to
include the language “against the peace and dignity of the State.”  The trial court overruled Appellant’s
objection.  Ultimately, the jury found
Appellant guilty as charged.  Following a
trial on punishment, the jury assessed Appellant’s punishment at imprisonment
for ten years.  The trial court sentenced
Appellant accordingly, and this appeal followed.

 

 

 








Indictment

            In
his sole issue, Appellant argues that the trial court committed fundamental
error in overruling his objection to the indictment.  The Texas Code of Criminal Procedure provides
that an indictment must conclude with the language, “Against the peace and
dignity of the State.”  See Tex. Code. Crim. Proc. Ann. art. 21.02
§ 8 (Vernon 1989).  The specifics of an
indictment are statutory requirements, not constitutional requirements.  See Teal v. State, No.
PD-0689-06, 2007 WL 676221, at *4 (Tex. Crim. App. Mar. 7, 2007).  Thus, all substantive defects in indictments
are waivable under the statutes, and these defects do not render the indictment
void.  Id.

            Texas
Code of Criminal Procedure, article 1.14, which governs the issue at hand,
provides, in pertinent part, as follows: 


 

If the defendant
does not object to a defect, error, or irregularity of form or substance in
an indictment or information before the date on which the trial on the merits
commences, he waives and forfeits the right to object to the defect, error, or
irregularity and he may not raise the objection on appeal or in any other
postconviction proceeding.

 

Id. (emphasis added); see also
Smith v. State, 959 S.W.2d 1, 9 (Tex. App.–Waco 1997, pet. ref’d) (If
the defendant fails to object to a substantive defect in an indictment before
the date of trial, he waives the right to complain about the alleged
defect.).  

            A
trial on the merits commences at the time the jury is impaneled and sworn.  See Hinojosa v. State, 875
S.W.2d 339, 342 (Tex. App.–Corpus Christi 1994, no pet.).  In the instant case, since Appellant did not
object to the substantive defect in the indictment until the day after his
trial commenced, his objection was not timely. 
Therefore, we hold that by his failure to timely object to the
indictment, Appellant has waived his right to raise such an issue on
appeal.  See Tex. Code Crim. Proc. Ann. art.
1.14(b).  Appellant’s sole issue is overruled.

 

Disposition

            Having overruled Appellant’s sole issue, we affirm
the trial court’s judgment.        

                                                                                                     SAM GRIFFITH    

                                                                                                              Justice

Opinion delivered August 30, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH)